UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY CRAFT, *Pro Se*, | ) | Case Nos.: 4:08 CV 1967 |
| | ) | 4:03 CR 421 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | <u>ORDER</u> |

This case is before the court on Petitioner Larry Craft's ("Petitioner") Motion to Vacate under 28 U.S.C. § 2255 (Civil Docket, ECF No. 1; Criminal Docket, ECF No. 88). Respondent United States of America's ("Respondent") opposed Petitioner's Motion to Vacate in the form of a Motion to Dismiss the Petition (Criminal Docket, ECF No. 91). Petitioner filed a Motion to Amend his Motion to Vacate on February 10, 2011 (Criminal Docket, ECF No. 100). For the following reasons, the court dismisses Petitioner's Motion to Vacate (ECF No. 88), grants Petitioner's Motion to Amend (ECF No. 100) but dismisses the Petition with the amended grounds on the merits.

## I. FACTS AND PROCEDURAL HISTORY

On November 13, 2003, a federal grand jury returned a single count indictment charging Petitioner with conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. After a jury trial, the jury found

Petitioner guilty of the count charged. On August 26, 2004, the district court sentenced Petitioner to a mandatory minimum sentence of 240 months, followed by 10 years of supervised release, and ordered him to pay a special assessment of $100. On August 14, 2007, the Sixth Circuit Court of Appeals affirmed the sentence. (ECF No. 82) The United States Supreme Court denied the petition for a writ of certiorari on November 26, 2007. (ECF No. 84.)

On August 13, 2008, Petitioner filed the instant Motion to Vacate. Petitioner alleged three errors: (1) ineffective assistance of trial counsel because "trial counsel failed to object or otherwise challenge the use of prior convictions based upon the government's seeking an enhancement pursuant to 21 U.S.C. § 851, resulting in also not making any challenge to the court's failure to acknowledge § 851(b)"; (2) "the court imposed a 10 year supervised release sentence that is in excess of statutory requirement"; and (3) "trial counsel failed to investigate the presentence investigation report (PIR), with Petitioner." (Petition, ECF No. 88, at p. 3.) On November 12, 2008, the Government filed its Response to Petitioner's Motion to Vacate (ECF No. 91).

On February 10, 2011, Petitioner filed his Amended Motion to Vacate, in which he adds two grounds for relief. (ECF No. 100.) Ground Four states: "Trial Counsel was otherwise ineffective for failure to object to the use of dismissed counts as the drug quantity amount that resulted in sentence of 240 months." (ECF No. 100-1, at p. 7.) Ground Five states, "Movant was sentenced under the mandatory of which the new amendments to the sentencing under the Fair Sentencing Act of 2010 would not allow in a ratio of 18 to 1. The Movant was sentenced and his sentence increased because of the 100 to 1 ratio for powder to crack cocaine." (*Id.*)

## II. LEGAL STANDARD

In *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the Supreme Court set out the federal standard for ineffective assistant of counsel in the following two-prong test, holding that a defendant must prove that: "(1) counsel's representation 'fell below an objective standard of reasonableness,' and (2) counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 688, 694). This standard also applies when evaluating the effectiveness of appellate counsel. *Id*. The court must review the merits of the underlying claims in order to determine whether Petitioner was prejudiced by counsel's ineffective assistance. *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005); see also *Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.")

### III. LAW AND ANALYSIS

#### A. Ineffective Assistance of Trial Counsel

Petitioner argues that his trial counsel was ineffective because "trial counsel failed to object or otherwise challenge the use of prior convictions based upon the government's seeking an enhancement pursuant to 21 U.S.C. § 851, resulting in also not making any challenge to the court's failure to acknowledge § 851(b)." (Petition, at p. 3.) The Government argues that Defendant could not have challenged the prior conviction because it occurred more than five years before the Government filed its information notifying Petitioner that it intended to rely on a 1991 conviction to seek an enhanced sentence. (Govt.'s Response, ECF No. 91, at p. 4.)

21 U.S.C. § 851(e) states:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information

- 3 -

alleging such prior conviction.

Therefore, Petitioner's trial counsel's decision not to object to the Government's use of a prior conviction did not fall "below an objective standard of reasonableness" and did not prejudice Petitioner, as the objection would have been meritless. *Strickland*, 466 U.S. at 688, 694.

### B. Imposition of a 10-year Period of Supervised Release

Petitioner argues that "the court imposed a 10 year supervised release sentence that is in excess of statutory requirement" and that his trial counsel should have objected to this sentence. (Petition, at p. 3.) The Government maintains that the district court was required by statute to impose a term of supervised release of at least 10 years. 21 U.S.C. § 841(b)(1)(A). The court finds the Government's argument to be well-taken. It was not "below an objective standard of reasonableness" for Petitioner's trial counsel to not object to the 10 years of supervised release, and the failure to object did not prejudice Petitioner because 10 years of supervised release is the minimum period that must be imposed since Petitioner violated 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. *Strickland*, 466 U.S. at 688, 694; 21 U.S.C. § 841(b)(1)(A).

### C. Calculation of Criminal History Category

The Government argues that Petitioner's defense counsel was not ineffective for failing to object to the computation of Petitioner's criminal history because Petitioner was sentenced to the mandatory minimum required by statute. 21 U.S.C. § 841(b)(1)(A) states that the mandatory minimum sentence is 240 months for Petitioner's crime. Thus, the 240-month sentence that Petitioner received was imposed pursuant to statute, and his criminal history category did not improperly increase his sentence. In fact, the Sixth Circuit said the same when it affirmed Petitioner's sentence on direct appeal: "the district court had no discretion with respect to Craft's

sentence as there was a mandatory minimum sentence of 240 months for Craft's offense." *United States v. Larry Craft*, No. 04-4129, p. 5 (6th Cir. Jul. 20, 2007) (A copy is at ECF No. 81.). The court agrees with the Government and therefore dismisses Ground Three of the Petition.

Therefore, the court finds that the three grounds for relief presented in Petitioner's Motion to Vacate should be dismissed.

### D. Additional Counts Added on February 10, 2011

Defendant was sentenced on August 26, 2004. His sentenced was affirmed by the Sixth Circuit on November 26, 2007. Pursuant to 28 U.S.C. § 2255(f):

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This section applies to amendments to motions to vacate pursuant to § 2255. *E.g., Bender v. United States*, 372 F. App'x 638, 642 (6th Cir. 2010).

### 1. Ground Four: Failure to Object to Dismissed Counts

Petitioner states for Ground Four that "Trial Counsel was otherwise ineffective for failure to object to the use of dismissed counts as the drug quantity amount that resulted in sentence of 240 months." (ECF No. 100-1, at p. 7.) Petitioner does not argue why the one-year statute of limitations would not bar this ground for relief. The only supporting facts that Petitioner provides for Ground

- 5 -

Four are: "[o]n page 19 of the Sentencing transcripts, line 24-25, the court dismissed the four counts that were attributable to the amounts used to sentence the defendant." (*Id*.) The court finds that this claim is untimely, as it was filed beyond the one-year statute of limitations, and therefore must be dismissed. 28 U.S.C. § 2255(f)**.**

### 2. Ground Five: Effect of Fair Sentencing Act

Ground Five states, "Movant was sentenced under the mandatory of which the new amendments to the sentencing under the Fair Sentencing Act of 2010 would not allow in a ratio of 18 to 1. The Movant was sentenced and his sentence increased because of the 100 to 1 ratio for powder to crack cocaine." (ECF No. 100-1, at p. 7.) The Sixth Circuit has determined that the Fair Sentencing Act of 2010 is not retroactive. The Court, in *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), stated the following:

> On August 12, 2010-well after this case had been fully briefed and submitted for decision-Carradine moved to file a supplemental brief, arguing that he is entitled to the benefit of a recently enacted statute, the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). We granted the motion and accepted supplemental briefs from both parties. . . .
> This new statute, which amends the existing law, raises the threshold for imposition of a 60-month statutory minimum prison sentence from five (5) grams of crack cocaine to 28 grams. See id. at Sec. 2(a)(2) (amending 21 U.S.C. § 841(b)(1)(B)(iii)). Carradine had 19 grams of crack cocaine, so he would be subject to the statutory minimum under the old version but not under the new. Consequently, Carradine argues that the new version of the statute should apply.
> The "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); *United States v. Avila-Anguiano,* 609 F.3d 1046, 1050 (9th Cir.2010); United States v. Smith, 354 F.3d 171, 174 (2d Cir.2003); *Korshin v. Comm'r*, 91 F.3d 670, 673-74 (4th Cir.1996).

> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question. We affirm the district court's imposition of the 60-month mandatory minimum sentence.

The same analysis applies in this case. Thus, the ground of relief does not fall under 28 U.S.C. § 2255(f)(3), as the right has not "been newly recognized by the Supreme Court" and has not been "made retroactively applicable to cases on collateral review." This claim is therefore untimely as it was made after the one-year statute of limitations period.

## IV. CONCLUSION

For the foregoing reasons, the court hereby dismisses Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 88), and grants Petitioner's Motion to Amend but denies the relief sought therein (ECF No. 100; 100-1). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 28, 2011