UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY CRAFT, *Pro Se*, | ) | Case No.: 4:03 CR 421 |
| | ) | (4:08 CV 1967) |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Larry Craft's ("Petitioner" or "Craft") Rule 59 Motion for Reconsideration (ECF No. 103) of this court's February 28, 2011 Order (ECF No. 101) dismissing Craft's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the court denies Craft's Motion.

**I. BACKGROUND**

On November 13, 2003, a federal grand jury returned a single count indictment charging Petitioner with conspiracy to distribute, and possess with intent to distribute, more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. After a jury trial, the jury found Petitioner guilty of the count charged. On August 26, 2004, the district court sentenced Petitioner to a mandatory minimum sentence of 240 months, followed by 10 years of supervised release, and ordered him to pay a special assessment of $100. On August 14, 2007, the Sixth Circuit Court of Appeals affirmed the sentence. (ECF No. 82.) The United States Supreme Court denied Craft's petition for a writ of certiorari on November 26, 2007. (ECF No. 84.)

On August 13, 2008, Craft filed his original Motion to Vacate under 28 U.S.C. § 2255.  On January 19, 2011, before his § 2255 Motion had been adjudicated, Craft's case was reassigned from former District Court Judge Kathleen O'Malley to this court.  On February 10, 2011, Craft filed a Motion to Amend his prior Motion to Vacate, seeking to add two additional grounds for relief. (ECF No. 100.)  On February 28, 2011, this court granted Craft's Motion to Amend, but denied the § 2255 Motion to Vacate.

Specifically, the court considered and denied Craft's three original grounds for relief, holding that: Craft's counsel was not constitutionally ineffective in failing to object to the Government's use of certain prior convictions in seeking an enhancement pursuant to 21 U.S.C. § 851 because 21 U.S.C. § 851(e) barred Petitioner from contesting convictions older than 5 years; the court did not err in imposing a term of supervised release of 10 years because that was the mandatory minimum under 21 U.S.C. § 841(b)(1)(A); and Petitioner's counsel was not ineffective in failing to object to the computation of Petitioner's criminal history because Petitioner could not establish prejudice in light of the fact that he was sentenced to the mandatory minimum under 21 U.S.C. § 841(b)(1)(A).  Additionally, with respect to the two grounds asserted in Craft's Motion to Amend, the court held that: Petitioner's claim that trial counsel was ineffective for failing to object to the use of dismissed counts as the drug quantity amount that resulted in a mandatory minimum sentence of 240 months was time-barred because it was not raised within the applicable one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and Petitioner's claim under the Fair Sentencing Act of 2010 was foreclosed by the Sixth Circuit's decision in *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), holding that the Act is not retroactively applicable. (Feb. 28, 2011 Order p. 3–7, ECF No. 101.)

On March 16, 2011, Craft filed the instant Motion to Reconsider pursuant to Fed. R. Civ. P. 59. (ECF No. 103.) The Government filed its Response on May 6, 2011 (ECF No. 109), and Craft filed a Reply on May 23, 2011. (ECF No. 110.) Petitioner argues that this court erred in holding that Petitioner's ineffective assistance of counsel claim arising out of counsel's alleged failure to object to the drug amount resulting in his mandatory minimum sentence was time barred. (Mot. p. 1, ECF No. 103.) Petitioner also appears to reassert claims that were considered and denied on the merits, specifically his claims arising out of the Government's use of certain prior convictions in seeking a sentence enhancement, "and all the other issues as it relates to the intent of Congress and the Sentencing Commission." (Reply p.1, ECF No. 110.)

## II. LAW AND ANALYSIS

Although Petitioner has not identified a specific sub-section of Rule 59 that provides the basis for his Motion, the court construes Craft's Motion as a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). This subsection allows a party no more than 28 days after the entry of judgment to file a motion to alter or amend the judgment. Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion tolls the period for filing a notice of appeal. In this case, Craft's Motion was timely filed. Judgment was entered on February 28, 2011, and Petitioner's Motion was filed on March 16, 2011, placing it within the 28 day period.

The Sixth Circuit has held that "the purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). In light of this purpose, the Sixth Circuit has also held that the limitations placed upon the filings of second or successive petitions under AEDPA are not

applicable to properly filed Rule 59(e) motions. *Id.*; *see also* 28 U.S.C. § 2255(h) (limitations on second or successive petitions).

Under Rule 59(e), a party may not use a motion for reconsideration to raise new arguments that could have been raised prior to the issuance of a judgment. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Rather, "a motion under Rule 59(e) 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" *Id.* (quoting *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Turning to the merits of Craft's Motion, Petitioner first challenges this court's finding that his claim concerning counsel's "failure to object to the use of dismissed counts as the drug quantity amount that resulted in [sentence] of 240 months" was time-barred. The court agrees that this holding was in error, inasmuch as Petitioner's claim relates back to his initial ineffective assistance of counsel claim arising out of counsel's performance at sentencing. *See Oleson v. United States*, 27 Fed. App'x 566, 571 (6th Cir. Dec. 14, 2001) (holding amendment time-barred under AEDPA where it did not "relate back" to a previous claim but instead raised an "entirely new argument"); Fed. R. Civ. P. 15(c) (relation back of amendments); *see also United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (holding Fed. R. Civ. P. 15(c) applies to § 2255 petitions "insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or theory of relief").

However, upon review of the record in this case, the court concludes that this error was harmless. On June 17, 2004, Craft was convicted by jury verdict of conspiracy to distribute, and to possess with intent to distribute, in excess of 50 grams of the controlled substance crack cocaine.

(Jury Verdict, ECF No. 46.) Thus, under 21 U.S.C. § 841(b)(1)(A), "the district court had no discretion with respect to Craft's sentence as there was a mandatory minimum sentence of 240 months for Craft's offense." *United States v. Craft*, 495 F.3d 259, 265 (6th Cir. 2007). Here, Petitioner received the mandatory minimum sentence. Petitioner overlooks the fact that under *Strickland v. Washington*, 466 U.S. 668 (1984), he must establish not only that counsel's representation fell below an objective standard of reasonableness, but also that he was *prejudiced* by counsel's deficient performance. *Id.* at 694–95. Thus, even assuming Craft's counsel provided objectively unreasonable representation at sentencing, Craft cannot prevail because he cannot establish prejudice in light of the fact that he was sentenced to the mandatory minimum for the offense of conviction.

For this same reason, Petitioner's additional allegations of error and ineffective assistance of counsel arising out of his sentencing have no merit. In any event, Craft has failed to point to any other errors of law or newly discovered evidence warranting reconsideration of this court's dismissal of the remaining grounds for relief.

### III. CONCLUSION

For the foregoing reasons, Craft's Rule 59 Motion for Reconsideration is denied. (ECF No. 103.)

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 5, 2011